Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY KACHMAN,<br><br>        Plaintiff(s),<br>  vs.<br><br>WASHOE COUNTY DEPUTY SHERIFF CHAD E. ROSS<br><br><br>        Defendant(s).<br>_____/ | Case No.3:16-cv-00007-MMD-WGC<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION FOR STAY PENDING RESOLUTION OF CRIMINAL INVESTIGATION/CHARGES** |

COMES NOW, GREGORY KACHMAN ("Plaintiff"), by and through the undersigned counsel, and hereby files the following Response in Opposition to the Defendant WASHOE COUNTY DEPUTY SHERIFF CHAD E. ROSS ("Defendant" or "Deputy Ross") Motion to Dismiss and Motion for Stay Pending Resolution of Criminal Investigation/Charges ("Motion"). The Plaintiff's Opposition is based on the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

1.  The Defendant makes the following arguments in its Motion: (1) A criminal investigation related to this matter is not yet completed and has not been submitted for prosecution (Motion at page 2 line 22); (2) the Plaintiff has failed to state a claim upon which relief may be granted (Motion at page 3 line 3); (3) that Deputy Ross is entitled to qualified immunity (Motion at page 3 line 22); and (4) that the Plaintiff's claims should be stayed pursuant to the ruling in *Heck v. Humphrey* (Motion at page 6 line 7).   The Plaintiff will respond to these arguments in turn below.

**There is no showing that criminal charges are pending against the Plaintiff.**

2.   The Defendant argues that, based upon protocol, because a Washoe County deputy was involved in the shooting, the Sparks Police Department took the lead in the investigating the incident and that investigation is not yet complete and has not been submitted for prosecution (Motion at page 2 line 22).   The Defendant claims that based on information from the Sparks Police Department, the criminal investigation has not been concluded, nor has that investigation been submitted for potential prosecution (Motion at page 8 line 9).   The Defendant does not provide the Court with any evidence that Kachman will indeed be charged with a crime related to the incident that forms the dispute that is the subject of this case.   The incident in question occurred nearly two months before this suit was filed by Kachman, and at the time of preparation of this Opposition, nearly three months ago.   Kachman has not been arrested or charged with anything to date.   There is no specific charge that is referenced and there is no case number that has been provided.   The Defendant's argument lacks any basis in fact and is based solely on speculation, whether

informed or not, that Kachman will be criminally charged with something resulting from the incident in question.

3. Assuming for the sake of argument that Kachman were to be charged with a crime related to the incident, whether Kachman's case should be stayed by this Court would require an analysis under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which is discussed at length below.

**The Plaintiff has stated a claim upon which the Court may grant relief**

4. The Defendant argues that the Plaintiff sets forth only conclusory allegation and "glosses over" the facts. (Motion at page 3 line 7). The Defendant seeks dismissal for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). To survive a motion to dismiss for failure to state a claim, Kachman's must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. FRCP 8(a)(2). The 8(a)(2) pleading standard does not require detailed factual allegations, but a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* at 678. As explained below, ipon fair review of the facts presented in the Complaint, it is clear that the Plaintiff has met his burden under FRCP 8(a)(2) by going beyond what is required by providing a relatively detailed account of the facts related to this case.

5. All claims of excessive force, whether deadly or not, should be analyzed under the

objective reasonableness standard of the Fourth Amendment set forth in *Graham v. Connor*, 490 U.S. 386, 397 (1989).  The factual allegations included in Kachman's Complaint (Doc #1) in paragraphs 7-18 contains specific and detailed allegations of fact, that if accepted as true by the Court, constitute sufficient grounds for the Court to rule in Kachman's favor that he was deprived of his 4th Amendment right to be free from excessive force during the course of encounter with Deputy Ross.  These allegations include the specific time, place, and manner of the violation that Kachman alleges occurred, rather than mere recitation of the law or canned language.  The conclusion alleged in the Complaint that Deputy Ross' shooting of Kachman was objectively unreasonable is supported by the premises provided in the Complaint.  Though the Defendant argues that "Deputy Ross fired several shots at Plaintiff as he drove his truck at him" (Motion at page 2 line 18) Kachman's account of the incident as alleged in the Complaint, i.e. that Kachman did not drive his truck at Deputy Ross before Deputy Ross shot Kachman through the spine,  is corroborated by two eyewitnesses, the affidavits from whom are attached to Kachman's Complaint as Exhibits 1 and 2.  Clearly, if Deputy's Ross' primary justification for firing into Kachman's truck, i.e. that Kachman tried to run him over, is not true, then Deputy Ross did not have sufficient reason to use deadly force.  The Defendant's other explanations for the shooting of Kachman, i.e. that Kachman failed to obey the Officer Ross' directions, that he cussed at Officer Ross, and that Kachman directly disobeyed the Ross' directions by suddenly pulling his hands back in the car in a "threatening manner", and that Kachman attempted to flee the scene (Motion at page 3 line 14) are either disputed issues of fact or are not sufficient to show that Deputy Ross' shooting of Kachman was "objectively reasonable" as required by

law, especially at this point in the proceedings where no evidence has been taken by the Court to support the Defendant's version of events.

6.   Given that at this stage of the proceedings (on a FRCP 12(b)(6) Motion) the Court is required to accept that Kachmans version of events is true, dismissal of this matter is not warranted, as per FRCP 8(a)(2), Kachman has very clearly stated a claim upon which relief may be granted.  The Plaintiff is perplexed by the the Defendant's assertion in its Motion at page 3 line 7 that the Plaintiff, "sets forth only conclusory allegations in regard to the second and third elements of an excessive force claim," those elements being that a significant physical injury resulted directly and only from the use of force that was clearly excessive to the need and that the excessiveness of which was objectively unreasonable as described by the *Busch v. Torres*, 905 F.Supp. 766, 772 (C.D. Cal. 1995) Court.  These elements are squarely met by the facts plead in the Complaint, i.e. that Ross shot Kachman through the spine causing him to be paralyzed; that Deputy Ross' shooting of Kachman was done while Kachman's vehicle was stopped in the street; and that Deputy Ross' provided justification for shooting Kachman, i.e. that Kachman tried to run Deputy Ross over with his truck, is contradicted by two eyewitness accounts of what occurred.  It is well settled that an officer may not use deadly force to apprehend a suspect where the suspect poses no immediate threat to the officer or others.  *Tennessee v. Garner*, 471 U.S. 1, 11 (1985); *Ortega v. Rodenspiel*, 617 Fed. Appx. 795, 2015 U.S. App. LEXIS 16971 (9th Cir. Cal. 2015).  Swearing, or failing to immediately obey the commands or respond to a police officer, does not justify a police officer using force sufficient to terminate the life of a human being, or render that person unable to walk.

**Deputy Ross is not entitled to Qualified Immunity; Peace officers are not entitled to immunity for the deprivation of well established Constitutional rights.**

7.  The Defendant argues in the Motion that qualified immunity shields the Defendant from liability pursuant to *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S.Ct. 596 (2004). Government officials performing discretionary functions are entitled to a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).  A qualified immunity analysis starts with the threshold question of whether, based upon the facts taken in the light most favorable to the party asserting the injury, did the conduct violate a Constitutional right.  If, however, a constitutional violation occurred, the second inquiry is whether the officer could nevertheless have reasonably but mistakenly believed that his or her conduct did not violate a clearly established Constitutional right. *Jackson v. City of Bremerton,* 268 F.3d 646, 651  (9th Cir. Wash. 2001).

8.  A seizure of a person is unreasonable under the 4th Amendment if a police officer uses excessive force making an arrest.  Again, it is well settled that an officer may not use deadly force to apprehend a suspect where the suspect poses no immediate threat to the officer or others, and that using such force constitutes a violation of the 4th Amendment right to be free from excessive force. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).  As alleged in paragraph 31 of the Complaint, the Plaintiff did not level a verbal threat or physical threat to Officer Ross before Officer Ross shot the Plaintiff.  As alleged in paragraph 12 of the Complaint, the Plaintiff was sitting in his truck which was stopped in the street when the Plaintiff was shot by Deputy Ross.  While the Motion states that Kachman tried to "flee the

scene" (Motion page 3 line 16), citing to paragraph 18 of the Complaint, it is clear that what is being described in paragraph 18 of the Complaint is the fact that after Deputy Ross shot and paralyzed the Plaintiff he was unable to control his vehicle, which caused it to roll down the street.  There is no evidence in the Pleading that the Plaintiff tried to flee the scene. Concluding that the set of facts in paragraph 18 of the Complaint constitutes an attempt to flee, as argued in the Motion, is an absurd straw-man.    Under the facts plead in the Complaint, Officer Ross could not have reasonably, or even mistakenly, believed that his shooting of Kachman did not violate a clearly established 4th Amendment right to be free from excessive force where the facts indicate that Kachman did not constitute a threat to Officer Ross or any other person.

**Heck v. Humphrey is not applicable for numerous reasons**

9.  The Defendant contends that pursuant to *Heck v. Humphrey*, 512 U.S. 477 (U.S. 1994), proceeding through the discovery process prior to the resolution of the criminal charges would result in these proceedings being "adversely affected."  (Motion at page 6 line 10). Once again, the Defendant did not present the Court with sufficient evidence or even indicia that criminal proceedings against the Plaintiff are in fact occurring or are pending.  The Defendants Motion states that because a Washoe County deputy was involved in the shooting, the Sparks Police Department took the lead in the investigating the incident.  The Defendant merely assumes that the Plaintiff will be charged with some sort of crime as a result if the incident by speculating that if the Plaintiff is convicted for Assault with a Dangerous Weapon for driving his truck at Deputy Ross, a civil suit would necessarily imply the invalidity of that conviction. (Motion at page 7 line 16).

10.  *Heck v. Humphrey* involved a prisoner who the Court determined had fully exhausted available state remedies and as such had no cause of action under 42 U.S.C.S. § 1983 unless the conviction or sentence were reversed, expunged, invalidated, or impugned by a grant of a writ of habeas corpus.  *Id.* at 498.  The *Heck v. Humphrey* Court held that if judgment in favor of a plaintiff in a civil suit under 42 U.S.C. § 1983 would necessarily imply the invalidity of a prior criminal conviction, the complaint must be dismissed unless the Plaintiff  can demonstrate that the conviction or sentence has already been invalidated.  *Id.* at 486-487.  By the plain language of its ruling, any discussion of whether this matter should be stayed pursuant to the ruling in *Heck v. Humphrey* only ripens when criminal charges are actually open and pending against Kachman.  *Id.* at 486-487, which they are not.  Even if charges are pending or if a conviction results, *Heck v. Humphrey* only precludes civil liability if the actual decision would necessarily imply the invalidity of a prior criminal conviction *Id.* at 486-487.  Clearly, without an arrest and charges, much less an actual conviction, applying *Heck v. Humphrey* to dismiss or stay these proceedings would lack sufficient justification under existing law.

11. The Motion also cites *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr.*, Inc., 490 F.3d 718, 724 (9th Cir. 2007) in support of the proposition that it is well-settled that a court has the authority to stay discovery in a civil case where a party faces concurrent criminal charges and the proceedings will be adversely affected. (Motion at page 7 line 19) This holding has no applicability to the case before the Court as to date, to the best of the knowledge of the Plaintiff, no criminal charges have been filed, nor has the Plaintiff been arrested.   Further applying the five part balancing test articulated in the *Blue Cross & Blue*

*Shield of Ala. v. Unity Outpatient Surgery Ctr.* decision does not support the issuance of a stay. The Complaint alleges that Kachman had been paralyzed. His interest in proceeding expeditiously with this litigation is acute, being that he is no longer able to work in his former profession, which was in the tree removal business. Kachman's medical and living expenses are also mounting. The burden that the proceedings may impose on Deputy Ross is relatively insubstantial compared to the interest of Kachman, as Deputy Ross will be required to litigate this matter at some point, whether this happens now or at some point in the future should not be probative. The convenience of the court in the management of its cases will likewise not be substantially affected by permitting this case to proceed, as this case will require minimal Court resources through discovery up to the point where substantive motions may be filed by the parties; allowing this case to proceed will also not interfere with the efficient use of judicial resources for the same reasons. Likewise, the interests of persons not parties to the civil litigation and the interest of the public in the pending civil and criminal litigation favor proceeding with this case now, as the occurrences at issue are fresh in the mind of witnesses and the public's interest in the just and speedy preservation of Constitutionally guaranteed rights is preserved by the Courts. Generally, Defendants should not be able to delay cases based on speculation that criminal proceedings may be filed at some point in the future, even under the relatively loose discretionary standard in *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr.*

12. According to FRCP 1, the FRCP should be construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. Staying this proceeding at this time based upon speculation that

charges that may or may not be filed against the Plaintiff in inconsistent with the guiding principle in FRCP 1 that proceedings be just and speedy.   Although the six month stay requested in the Motion at page 8 line 25 may seem insignificant to the Defendant, for Mr. Kachman, who has had his life radically and irrevocably altered by Deputy Ross' conduct, a six month delay is unwarranted and will cause substantial hardship in addressing the costs resulting from Deputy Ross' conduct, such as living expenses and costs for medical treatment.

BASED ON THE FOREGOING, the Plaintiff respectfully requests that the Defendant's Motion be denied in whole and that the Defendant be required to file an answer forthwith.

Respectfully submitted this February 5, 2016.

By: _Luke A. Busby_

Luke Busby
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically transmitted the foregoing pleading to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel registered to receive Electronic Filings and/or mailed the foregoing pleading via US Mail postage prepaid to the following persons:

Michael Large, Esq.
Washoe County DA's Office
P.O. Box 11130
Reno, NV 89520
mlarge@da.washoecounty.us

By: _____     Dated: February 5, 2016.

Luke Busby