CHRISTOPHER J. HICKS
Washoe County District Attorney

MICHAEL W. LARGE
Deputy District Attorney
Nevada State Bar Number 10119
P.O. Box 11130
Reno, NV  89520-0027
(775) 337-5700
ATTORNEYS FOR CHAD E. ROSS

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY KACHMAN,<br><br>        Plaintiff,<br><br>    vs.<br><br>WASHOE COUNTY DEPUTY SHERIFF<br>CHAD E. ROSS,<br><br>        Defendant.       / | Case No.  3:16-cv-00007-MMD-WGC<br><br>**MOTION TO DISMISS,<br>OR, IN THE ALTERNATIVE,<br>MOTION TO STAY PENDING<br>RESOLUTION OF CRIMINAL<br>INVESTIGATION/CHARGES** |

Washoe County Deputy Sheriff Chad E. Ross, by and through his counsel, D CHRISTOPHER HICKS, Washoe County District Attorney and MICHAEL W. LARGE, Deputy District Attorney moves to dismiss this action, or, in the alternative, moves to stay pending resolution of the criminal investigation/charges.  This Motion is based upon the following Memorandum of Points and Authorities, Federal Rule of Civil Procedure 12(b)(6) and the power of the Court to control its docket.

Dated this 3rd day of February, 2016.

                                                    CHRISTOPHER J. HICKS
                                                    District Attorney

                                                    By    /s/ Michael W. Large                
                                                        MICHAEL W. LARGE
                                                        Deputy District Attorney
                                                        P.O. Box 11130
                                                        Reno, NV  89520-0027
                                                        (775) 337-5700

                                                    ATTORNEYS FOR CHAD E. ROSS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Introduction**

Plaintiff Gregory Kachman (hereinafter "Plaintiff") has filed this action based upon Title 42, United States Code, Section 1983 alleging a violation of Plaintiff's right to free from excessive force. The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

Alternatively, this case should be stayed because the criminal investigation into the matter has not been completed and what, if any, criminal charges will stem from the incident have not been identified. Factually, the allegations arise from an incident that occurred on November 3, 2015. This case was initiated on January 5, 2016. Proceeding through the discovery process prior to the resolution of the criminal charges would result in these proceedings being adversely affected.

**II.  Factual Background**

On November 3, 2015, Washoe County Deputy Sheriff Ross responded to a domestic violence call at a residence located at 5544 Thorn Berry Court in the Sun Valley area of Washoe County. During the course of the investigation, a confrontation occurred between Plaintiff and Deputy Ross. Plaintiff was in a vehicle and when ordered to exit the vehicle, Plaintiff shouted "what the fuck, I didn't do anything" and drove his vehicle at Deputy Ross. Deputy Ross fired several shots at Plaintiff as he drove his truck at him. Plaintiff's vehicle sped down out of control, down the street and collided with another vehicle. Plaintiff was severely injured during the incident.

Based upon protocol, because a Washoe County deputy was involved in the shooting, the Sparks Police Department took the lead in the investigating the incident. That investigation is not yet complete and has not been submitted for prosecution.

//
//

**III.   Legal Analysis**

     **A.   Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted.**

To state a federal claim for a Constitutional excessive use of force, Plaintiff must allege three elements: (1) a significant physical injury which (2) resulted directly and only from the use of force that was clearly excessive to the need; and (3) the excessiveness of which was objectively unreasonable. *See e.g. Busch v. Torres*, 905 F.Supp. 766, 772 (C.D. Cal. 1995).

In the Complaint, Plaintiff sets forth only conclusory allegations in regard to the second and third elements of an excessive force claim. Plaintiff merely glosses over the facts in the Complaint and merely concludes that, "[a]t all times Officer Ross' actions were objectively unreasonable in light of the facts and circumstances confronting him and at no time did the Plaintiff pose an immediate threat to the safety of Officer Ross, nor to any other officer or person." (Compl. at ¶19). Plaintiff attempts to paint himself as a mere victim, even when the facts that he alleges in the Complaint demonstrate that he caused, escalated, and exacerbated the situation. By failing to obey the officers directions (*Id.* at ¶13), cussing at the Officer, (*Id.* at Ex. 1, ¶15), directly disobeying the officer's directions by suddenly pulling his hands back in the car in a threatening manner (*Id.* at ¶14), and then attempting to flee the scene (*Id.* at ¶18), Plaintiff created a situation that necessitated the use of deadly force. Plaintiff's allegation and the self-serving affidavits that are submitted do not state a claim for excessive force by Officer Ross. At best, they are merely a recitation of the elements of the claim and do not meet the pleading standards of Rule 8(a).

     **B.   Officer Ross Is Entitled to Qualified Immunity.**

Title 42, United States Code, Section 1983 provides a cause of action for persons who have been deprived their constitutional rights by persons acting under color of law. Section 1983 "is not itself a source of substantive rights" but only provides a cause of action "for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689 (1979). When a plaintiff seeks to recover damages for an excessive force claim, "[t]he validity of

the claim must then be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized 'excessive force' standard." *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865 (1989). Furthermore, "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Id*. (emphasis in original).

Apprehension by deadly force is a seizure subject to the Fourth Amendment's reasonableness requirement. *See id.* at 395. However, an officer using deadly force is entitled to qualified immunity, unless the law was clearly established that the use of force violated the Fourth Amendment. *See Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S.Ct. 596 (2004). The qualified immunity inquiry consists of two parts: (1) "whether the facts that a plaintiff has alleged ... or shown ... make out a violation of a constitutional right," and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815–16 (2009) (citation omitted). Case law has clearly established that an officer may not use deadly force to apprehend a suspect where the suspect poses no immediate threat to the officer or others. *Tennessee v. Garner*, 471 U.S. 1, 11, 105 S.Ct. 1694 (1985). On the other hand, it is not constitutionally unreasonable to prevent escape using deadly force "[w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Id*. In assessing reasonableness, the court should give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. (citation omitted). In addition, "[t]he calculus of reasonableness must embody allowance for the fact that

police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id*. at 396–97, 109 S.Ct. 1865. Whether the use of deadly force is reasonable is highly fact-specific, *see Scott v. Harris*, 550 U.S. 372, 383, 127 S.Ct. 1769 ("Although respondent's attempt to craft an easy-to-apply legal test in the Fourth Amendment context is admirable, in the end we must still slosh our way through the factbound morass of 'reasonableness.'"), but the inquiry is an objective one, *Graham*, 490 U.S. at 397, 109 S.Ct. 1865("[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them ...." (citation omitted)). A reasonable use of deadly force encompasses a range of conduct, and the availability of a less-intrusive alternative will not render conduct unreasonable. *Wilkinson v. Torres*, 610 F.3d 546, 550-51 (9th Cir. 2010) *citing Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994).

Even accepting as true the allegations of the Complaint, the facts and circumstances alleged therein establish that Officer Ross is entitled to qualified immunity. The Complaint alleges that after leaving the scene of the domestic violence call (Compl. at ¶8), Plaintiff returned in his truck (*Id*. at ¶9, 11, 12), refused to exit his vehicle after being commanded to by Officer Ross (*Id*. at ¶13), yelled at the Officer "what the fuck, I didn't do anything," (*Id*. at Ex. 1, ¶15), stuck his hands out the window and then pulled them back in suddenly (*Id*. at¶14), and then attempted to flee the scene (*Id*. at ¶18).

The Complaint asserts a number of post-hoc methods that Officer Ross should have engaged in rather than using deadly force and makes conclusory allegations that the Officer's actions were unreasonable. (*Id*. at ¶22). But as the Ninth Circuit in *Wilkinson* cautioned, "the availability of a less-intrusive alternative will not render conduct unreasonable." 610 F.3d at 550-51. Officer Ross gave verbal commands to Plaintiff which were ignored. Plaintiff's actions of jerking his hands back into the vehicle, being verbally assaultive and attempting to either run Officer Ross over or flee the scene resulted in Officer Ross exercising a reasonable amount of

force necessary to de-escalate the situation. As a matter of law, Officer Ross's actions are entitled to qualified immunity and the Complaint should be dismissed.

This Court should grant this motion to dismiss on the basis of qualified immunity and not exercise jurisdiction over the remaining state claim.

### C. Plaintiff's Claims Should Be Stayed Under the Doctrine Articulated in *Heck v. Humphrey*

As stated previously, this lawsuit arises from an incident that occurred on November 3, 2015. This case was initiated on January 5, 2016. The criminal investigation into the matter has not been completed and what, if any, criminal charges could stem from the incident have not been identified. Proceeding through the discovery process prior to the resolution of the criminal charges would result in these proceedings being adversely affected.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that:

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

The Ninth Circuit Court of Appeals has described the holding as follows: "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

//

In *Heck*, an inmate brought a §1983 action against county prosecutors and a state police investigator alleging that they had engaged in unconstitutional conduct before and during his criminal prosecution for voluntary manslaughter of his wife, including that they knowingly destroyed evidence which was exculpatory in nature and which would have proven his innocence. *Heck, supra*. at 478. The Court held that the plaintiff's §1983 claims were barred by virtue of his conviction in state court based upon the legal reasoning described above. In addition, the Court discussed certain other scenarios in which a §1983 claim would be barred under this reasoning.  Specifically, the Court opined there could be certain circumstances in which a plaintiff did not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful. *See id.*

The present suit creates a potential conflict with the doctrine articulated in *Heck*.  If criminal charges are brought against Plaintiff resulting from the incident on November 3, 2015, those charges and the potential conviction could "necessarily imply the invalidity of his conviction…" *Heck*, 512 U.S. at 486-87.  For example, Plaintiff is asserting that Officer Ross' shooting was unlawful.  If, however, Plaintiff convicted for Assault with a Dangerous Weapon for driving his truck at the Officer as a result of the facts of the case, this civil suit would necessarily imply the invalidity of that conviction.

It is well-settled that a court has the authority to stay discovery in a civil case where a party faces concurrent criminal charges and the proceedings will be adversely affected. *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr.*, Inc., 490 F.3d 718, 724 (9th Cir. 2007). The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). This means the decisionmaker should consider "the extent to which the defendant's fifth amendment rights are implicated." *Id*.

In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Id*. at 903.

In the present case, the factors weigh heavily in favor of staying this litigation until the criminal investigation and any subsequent criminal proceeding is concluded. Currently, based on information from the Sparks Police Department, the criminal investigation has not been concluded, nor has that investigation been submitted for potential prosecution. Any charges that may arise from the November 3rd incident are still the subject of an ongoing investigation. Until that is concluded, many of the documents are protected from public dissemination. Additionally, should charges be brought against Plaintiff, his Fifth Amendment rights against self-incrimination could be implicated if his deposition. Moreover, many of the claims and defenses that may be subject of this lawsuit will be at issue in the criminal matter. If Plaintiff is found to have attempted to injure Officer Ross by driving the vehicle in a threatening manner, this issue will arise in the civil context and in the qualified immunity analysis. If Officer Ross's shooting of Plaintiff is found to be unjustified, this issue will arise in the civil context as well. Moreover, Plaintiff should not be able to use this Section 1983 action and the civil discovery process to obtain documents that are protected from public dissemination because of an ongoing criminal investigation.

In sum, this case should be stayed pending resolution of the criminal investigation and potential prosecution in this matter. Defendant would suggest that a stay of six months is appropriate to allow the criminal investigation to proceed. After the six month stay of these proceedings, a status conference should be held to determine the proceedings moving forward.

## IV. Conclusion

For the reasons state previously, Defendant respectfully submits that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or the doctrine of qualified immunity. Alternatively, Defendant submits that this matter should be stayed for a period of six (6) months to pending resolution of the criminal investigation and proceedings in this matter.

Dated this 3rd day of February, 2016.

CHRISTOPHER J. HICKS
District Attorney

By   /s/ Michael W. Large
MICHAEL W. LARGE
Deputy District Attorney
P.O. Box 11130
Reno, NV  89520-0027
(775) 337-5700

ATTORNEYS FOR CHAD E. ROSS

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

Luke Andrew Busby, Esquire
luke@lukeandrewbusbyltd.com

Dated this 3rd day of February, 2016.

/s/ C. Theumer
C. Theumer