CHRISTOPHER J. HICKS
Washoe County District Attorney

MICHAEL W. LARGE
Deputy District Attorney
Nevada State Bar Number 10119
P.O. Box 11130
Reno, NV  89520-0027
(775) 337-5700

ATTORNEYS FOR CHAD E. ROSS

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

GREGORY KACHMAN,

    Plaintiff,

vs.

WASHOE COUNTY DEPUTY SHERIFF CHAD E. ROSS,

    Defendant.
_____/

Case No.  3:16-cv-00007-MMD-WGC

**REPLY TO DEFENDANT'S MOTION TO STAY PENDING RESOLUTION OF CRIMINAL INVESTIGATION/CHARGES**

    Washoe County Deputy Sheriff Chad E. Ross, by and through his counsel, CHRISTOPHER J. HICKS, Washoe County District Attorney and MICHAEL W. LARGE, Deputy District Attorney files this reply in support of his Motion to Stay Pending Resolution of the Criminal Investigation.

    Dated this 12th day of February, 2016.

                                CHRISTOPHER J. HICKS
                                District Attorney

                                By      /s/ Michael W. Large
                                    MICHAEL W. LARGE
                                    Deputy District Attorney
                                    P.O. Box 11130
                                    Reno, NV  89520-0027
                                    (775) 337-5700

                                ATTORNEYS FOR CHAD E. ROSS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1)  A Temporary Stay is Appropriate Pending Resolution of the Criminal Investigation and Charges.**

This case should be stayed pending the resolution of the ongoing criminal investigation and potential charges resulting from the underlying incident. Until the criminal investigation and potential charges are resolved: discovery will be largely futile; testimony will implicate the Fifth Amendment rights of Plaintiff, Defendant and other witnesses; it will force law enforcement to unnecessarily rush a criminal investigation; and potentially impact the *Heck v. Humphrey* doctrine.

Within the Opposition to the Motion to Dismiss or in the Alternative Motion to Stay (Dkt. #7), Plaintiff claims ignorance as to the ongoing criminal investigation and makes the disingenuous assertion that there is no proof that any investigation or charges pending. On November 22, 2015, Plaintiff's counsel sent a letter to the Sparks Police Department making a public records request pursuant to Nevada Revised Statute Chapter 239 seeking all records related to the shooting involving Plaintiff.[1]  (Ex. 1).  On November 25, 2015, the Sparks City Attorney's office responded to the request and informed Plaintiff's counsel that "the materials being sought are the subject to a current and on-going criminal investigation and therefore cannot be released to you at this time."  (Ex. 2).[2]  Thus, contrary to Plaintiff's assertions, he is well aware that a criminal investigation is ongoing regarding the incident is under way and that investigation is confidential until it has been completed.

---

[1] Plaintiff's request was made a mere 18-days after the incident occurred on the night of November 3rd/4th.

[2] Quite simply, discovery cannot proceed in this case until the criminal investigation is complete.  Neither the Deputy Ross, nor Washoe County has documents or information relating to the investigation within its possession or control. As Plaintiff is well aware, the Sparks Police Department is the investigating agency to the criminal proceeding and is not party to this lawsuit.  Moreover, that investigative file is protected by the on-going criminal investigation exception to Nevada's Public Records Act. *See e.g., Donrey of Nevada v. Bradshaw*, 106 Nev. 630, 636 (1990) (the Court stated that "a balancing of the interests involved is necessary" before any common law limitations on disclosure could be applied. Public policy considerations as justifying the withholding of investigative information include: (1) whether there is there a pending or anticipated criminal proceeding; (2) whether there are confidential sources or investigative techniques to protect; (3) whether there is the possibility of denying someone a fair trial; and (4) whether there is potential jeopardy to law enforcement personnel.

The Fifth Amendment privilege against self-incrimination clearly weighs in favor of staying this action. The investigation into this shooting is ongoing. Plaintiff is fine with cavalierly waiving his own Fifth Amendment rights by proceeding with this action, but he cannot waive those of Deputy Ross. If Plaintiff's accusations are true and the shooting was unjustified, then Deputy Ross may face criminal charges in this matter. Thus, he would be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. "[T]he right to assert one's privilege against self-incrimination does not depend upon the *likelihood*, but upon the *possibility* of prosecution." *Slagowski v. Cent. Washington Asphalt*, 291 F.R.D. 563, 574-75 (D. Nev. 2013)(emphasis in original).

As cited in Defendant's motion, the *Molinaro* factors clearly weigh in favor of staying these proceedings. *See e.g., Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). It is undisputed that the potential criminal and civil proceedings arise from the same nucleus of facts. Plaintiff's monetary interest in seeking a windfall through this litigation pales in comparison to the burden and potential prejudice to both law enforcement and Deputy Ross in hastily concluding a criminal investigation involving the deprivation of someone's liberty. *See Twenty First Century Corp. v. LaBianca*, 801 F.Supp. 1007 (E.D.N.Y 1992) ("a trial judge should give substantial weight to the public interest in law enforcement in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities") Moreover, the public interest in allowing the criminal investigation to continue unabated without interference from civil discovery is of critical importance. *See, e.g., United States v. Mellon Bank*, 545 F.2d 869, 873 (3d Cir. 1976) (possibility that defendant might improperly exploit civil discovery to advance criminal case argued in favor of a stay in civil case).

Plaintiff argues that Deputy Ross will have to litigate this case either now or later, so it should be now. To the contrary, as a law enforcement official, Deputy Ross is entitled to an appropriate evaluation of qualified immunity. Until the criminal investigation is completed, the

only facts that can operate to justify Deputy Ross's actions are the highly biased assertions in the Complaint.

The requested six-month stay would allow the criminal investigation to proceed, criminal charges to be either brought or rejected, and then the Court can assess whether this action should proceed or permanently stayed pending the criminal prosecution.[3]

## 2.  Conclusion

Defendant respectfully submits that this matter should be stayed for a period of six (6) months to pending resolution of the criminal investigation in this matter.  If the criminal investigation is concluded earlier than the six-month period, the undersigned will inform the Court through a filing and an evaluation can be made to either proceed or continue the stay at that point.

Dated this 12th day of February, 2016.

CHRISTOPHER J. HICKS
District Attorney

By ___/s/ Michael W. Large___
MICHAEL W. LARGE
Deputy District Attorney
P.O. Box 11130
Reno, NV  89520-0027
(775) 337-5700

ATTORNEYS FOR CHAD E. ROSS

---

[3] Candidly, the filing of this action a mere two-months after the shooting does not provide the time to adequately investigate the criminal charges arising from the event, nor does it allow the parties to be able to evaluate what future damages the Plaintiff may have arising from the shooting.

-4-

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

Luke Andrew Busby, Esquire
luke@lukeandrewbusbyltd.com

Dated this 12th day of February, 2016.

/s/ C. Theumer
C. Theumer