CHRISTOPHER J. HICKS
Washoe County District Attorney

MICHAEL W. LARGE
Deputy District Attorney
Nevada State Bar Number 10119
P.O. Box 11130
Reno, NV  89520-0027
(775) 337-5700

ATTORNEYS FOR CHAD E. ROSS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GREGORY KACHMAN,<br><br>           Plaintiff,<br><br>      vs.<br><br>WASHOE COUNTY DEPUTY SHERIFF CHAD E. ROSS,<br><br>           Defendant.                         / | Case No.  3:16-cv-00007-MMD-WGC<br><br>**REPLY TO DEFENDANT'S MOTION TO DISMISS** |

Washoe County Deputy Sheriff Chad E. Ross, by and through his counsel, CHRISTOPHER HICKS, Washoe County District Attorney and MICHAEL W. LARGE, Deputy District Attorney files this reply in support of his Motion to Dismiss.  This Reply is supported by the following Memorandum of Points and Authorities and all other papers and pleadings on file in this Court.

                                        CHRISTOPHER J. HICKS
                                        District Attorney

                                        By    /s/ Michael W. Large
                                             MICHAEL W. LARGE
                                             Deputy District Attorney
                                             P.O. Box 11130
                                             Reno, NV  89520-0027
                                             (775) 337-5700

                                        ATTORNEYS FOR CHAD E. ROSS

1                                       **MEMORANDUM OF POINTS AND AUTHORITIES**

2          Plaintiff's allegations in the Complaint are largely biased; however, even assuming the

3 veracity of the allegations, as this Court must at this point in the proceedings, this Complaint

4 should be dismissed because Deputy Ross is entitled to qualified immunity for his actions on the

5 evening of February 3rd/4th.

6 **I)**         **Deputy Sheriff Ross is entitled to Qualified Immunity.**

7          Within his opposition, Plaintiff seemingly makes the argument that because he was shot,

8 it necessarily follows that Deputy Ross's actions were unreasonable. In so doing, Plaintiff falls

9 victim to the "20/20 vision of hindsight" that was cautioned against in *Graham v. Connor*, 490

10 U.S. 386, 396, 109 S. Ct. 1865, 1872 (1989).

11          In assessing the reasonableness of an officer's actions in evaluating qualified immunity,

12 courts must pay "careful attention to the facts and circumstances of each particular case,

13 including the severity of the crime at issue, whether the suspect poses an immediate threat to the

14 safety of the officers or others, and whether he is actively resisting arrest or attempting to evade

15 arrest by flight." *Graham,* 490 U.S. at 396. Based on the "perspective of a reasonable officer on

16 the scene," the facts alleged in the Complaint establish that Deputy Ross is entitled to qualified

17 immunity. *Id*.

18          As alleged in the Complaint, Deputy Ross responded to a domestic violence call at the

19 residence located at 5544 Thorn Berry Court in Sun Valley. (Dkt. #1 at ¶7, ¶9). Plaintiff had left

20 the home prior the deputies arriving but had driven by several times, prompting the call. (*Id*.).

21 He returned again and stopped his vehicle in the street in front of the home. (*Id*. at ¶12).

22 Deputy Ross ordered him to put his hands up and to get out of the truck. (*Id*. at ¶13). Plaintiff

23 refused to exit his vehicle after being commanded to by Deputy Ross (*Id*. at ¶13), yelled at the

24 Deputy, "what the fuck, I didn't do anything," (*Id*. at Ex. 1, ¶15), stuck his hands out the window

25 //

26 //

and then pulled them back in suddenly (*Id*. at¶14), and then attempted to either flee the scene or run over Deputy Ross[1] (*Id*. at ¶18).

These above-stated facts justified the Deputy Ross acting in self-defense and the defense of others in using deadly force in shooting Plaintiff.  More importantly for purposes of the qualified immunity analysis, based upon the "perspective of a reasonable officer on the scene," the shooting was not excessive force violating the Fourth Amendment.  Accordingly, Deputy Ross is entitled to qualified immunity and this Motion to Dismiss should be granted.

**II)  Conclusion**

For the reasons state in the Motion to Dismiss and herein, Defendant respectfully submits that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or the doctrine of qualified immunity.

Dated this 12th day of February, 2016.

                CHRISTOPHER J. HICKS
                District Attorney

                By    /s/ Michael W. Large
                     MICHAEL W. LARGE
                     Deputy District Attorney
                     P.O. Box 11130
                     Reno, NV  89520-0027
                     (775) 337-5700

                ATTORNEYS FOR CHAD E. ROSS

---

[1] The affidavits submitted with the Complaint take great care in attempting to avoid saying that Plaintiff drove his car at Deputy Ross.  Rather they conveniently say that the individuals did not see the truck drive at Ross.  But they did see the car speed down the street at such a rate that it "hit a raised lawn," "collided with a silver pickup" and "flipped over."  (*See* Compl. at Ex. 1, ¶18, 19;  Ex 2, ¶12).  While not alleged in the Complaint, it can be reasonably implied by these statements that the high rate of speed was not achieved as Plaintiff was attempting to obey Deputy Ross's commands to exit the vehicle.

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, the foregoing was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

Luke Andrew Busby, Esquire
luke@lukeandrewbusbyltd.com

Dated this 12th day February, 2016.

                                        /s/ C. Theumer
                                        C. Theumer