UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREGORY KACHMAN, | ) | 3:16-cv-00007-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | February 17, 2016 |
| | ) | |
| CHAD E. ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden      REPORTER:        FTR

COUNSEL FOR PLAINTIFF:  Luke Busby

COUNSEL FOR DEFENDANT:   Michael Large

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:38 a..m.  Court convenes.

The court holds today's conference to address the Defendant's motion to stay discovery for a period of six (6) months pending resolution of the criminal investigation and proceedings in this matter.  (ECF No. 8).

Washoe County Deputy District Attorney, Michael Large, on behalf of defendant Chad E. Ross, addresses the court regarding the request to stay discovery.  Mr. Large indicates the criminal investigation of the incident that occurred on November 3, 2015, is not yet complete and has not been submitted to the Washoe County District Attorney's Office for consideration of whether a prosecution is warranted.  Additionally, Mr. Large represents neither defendant Ross nor Washoe County have in his or its control documents or information relating to the criminal investigation because Sparks Police Department ("SPD") is the investigating agency to the criminal proceedings.  Mr. Large suggests a stay of discovery is appropriate in light of the pending criminal investigation.

Attorney Luke Busby, on behalf of plaintiff Gregory Kachman, addresses the court regarding the request to stay discovery.  Mr. Busy rebuts the statement made by Mr. Large regarding Officer Ross and Washoe County not having control or possession of any discovery at

1

Minutes of Proceedings
3:16-cv-00007-MMD-WGC
February 17, 2016

this time.  Mr. Busby asserts Officer Ross was present and witness to the events that occurred on November 3, 2015.  Additionally, Mr. Busby advises the court either SPD or Reno Police Department ("RPD") have in their custody Plaintiff's DVR outdoor surveillance equipment and argues the recordings taken during the time of the incident on November 3, 2015 should have been captured by the video equipment.  Mr. Busby states Plaintiff intends to serve a subpoena duce tecum to RPD and SPD as soon as discovery is permitted to obtain copy of the DVR recordings.

The court and counsel discuss the general implications of the Fifth Amendment privilege against self-incrimination as to both the Plaintiff and Defendant.

Mr. Large represents to the court Officer Ross would likely assert the Fifth Amendment as to any discovery relating to himself until SPD completes its investigation and submits a report to the Sparks City Attorney's Office and the Sparks city attorney determines how to proceed.  Subsequent to those chain of event, Officer Ross would then be responsive to discovery.

Mr. Busby states it is hard to indicate which questions Mr. Kachman will assert his Fifth Amendment right; however, to protect himself from self incrimination, Plaintiff reserves his right to do so.

The court addresses but does not decide whether Plaintiff can selectively choose which questions he would answer at his deposition and which ones he might decline to answer on Fifth Amendment grounds.

The court next discusses with Plaintiff's counsel what specific discovery is necessary at this point in the litigation process.  Mr. Busby requests that Plaintiff be allowed to issue subpoena duces tecum to RPD and SPD under Fed. R. Civ. P. 45 for the production of the DVR recordings.  Additionally, Plaintiff would request the production of the two witness statements provided to either RPD or SPD.

Mr. Large argues in opposition of Mr. Busby's anticipated requests for specific discovery and reasserts Defendant's request to stay all discovery.

After consideration, the court orders general discovery to be stayed for approximately ninety (90) days.  However, Plaintiff is permitted to undertake non-destructive examination of the DVR outdoor surveillance equipment taken from Plaintiff's home and also be provided a copy of the recording from the relevant time specified by Plaintiff.

The court suggests, before moving forward with a subpoena, that Mr. Busby and

Minutes of Proceedings
3:16-cv-00007-MMD-WGC
February 17, 2016

Mr. Large informally approach the attorney for SPD or RPD (whoever has custody of the DVR recordings) to discuss the court's order regarding the limited discovery permitted in this case. Otherwise, if Mr. Busby cannot secure the cooperation of SPD or RPD, the court suggests Plaintiff issue a subpoena for the inspection of the equipment (not to seize the equipment) and for the production of the recordings for the relevant time period specified.

Therefore, IT IS ORDERED Defendant's motion to stay discovery (ECF No. 8) is **GRANTED in part** and **DENIED in part** pursuant to the discussions had today.

The court schedules a status conference for **Wednesday, 5/18/2016, at 10:00 a.m.** The court will address the status of the stay at that time.

The court requests Mr. Large notify the court if any developments occur with the criminal investigation or prosecution of the underlining incident in this case.

10:20 a.m.  Court adjourns.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk

3