Luke Busby, Esq.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GREGORY KACHMAN,

    Plaintiff,                                Case No.: 3:16-cv-00007

    vs.

                                                  **DEMAND FOR JURY TRIAL**

WASHOE COUNTY DEPUTY SHERIFF
CHAD E. ROSS,

    Defendant(s),
_____/

## AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF FOR EXCESSIVE FORCE BY A POLICE OFFICER

### Introduction

    1.    This action is brought by Plaintiff GREGORY KACHMAN ("Plaintiff"), by and through the undersigned counsel, to secure redress for Defendant WASHOE COUNTY DEPUTY SHERIFF CHAD E. ROSS's ("Officer Ross" or "Defendant") violation of the Plaintiff's civil right to be free from excessive force and for assault and battery.

### Jurisdiction and Venue

    2.    This Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331, 1343, 2201; 42 U.S.C. Sections 1983 and 1988; and associated state law claims.

    3.    Venue for filing this action is appropriate in the Northern Division of the District of Nevada pursuant to 28 U.S.C. Section 1391(b) and Local Rule IA 8-1, as the transaction or occurrence before the Court arose in this District.

**Parties**

4.     Plaintiff is a resident of Sun Valley, Washoe County, Nevada.

5.     Defendant is and at all relevant times was a Washoe County Deputy Sheriff acting under color of state law, and is sued in his individual capacity.

6.     Plaintiff alleges that the Defendant performed the acts averred herein, proximately causing the damages averred below and is liable to him for the damages and other relief sought herein.

**Factual Allegations**

7.     Just before midnight on November 3, 2015, at 5544 Thorn Berry Court in Sun Valley, Washoe County, Nevada, (hereinafter "the home") the Plaintiff and his live-in girlfriend Amanda Ferguson got into an argument.

8.     The argument escalated, and the Plaintiff left the home in his truck.  After the Plaintiff left the home Amanda Ferguson called her friend, Jamie Holloway over to the home.  Jamie Holloway, along with Ms. Holloway's daughter Selina Holloway and Jamie's daughter Salena's boyfriend Joey, whose precise identity is unknown to the Plaintiff at the time of filing of this Amended Complaint, arrived at the home a short time later.

9.     After Jamie Holloway and Amanda Ferguson saw the Plaintiff drive by the home several times, Jamie Holloway called the Washoe County Sheriff's Department, because Amanda Ferguson was afraid of a confrontation with the Plaintiff.

10.     A short time later, two Washoe County Sheriff's Deputies then arrived at the home in two separate marked SUVs.  One of the Deputies who arrived is the Defendant.  The other Deputy who arrived at the scene is Washoe County Deputy Sheriff Joseph Durbin.  When the two Deputies arrived, Amanda Ferguson and Jamie Holloway explained the situation to the Deputies.

11.     The Plaintiff then drove by the home, shortly after which Deputy Durbin drove off to pursue the Plaintiff, while the Defendant Ross stayed behind at the home.

12.     The Plaintiff then drove his truck back to the home and stopped his truck in the street in front of the home facing a westerly direction.

13.   The Defendant then approached the Plaintiff's truck and then began yelling commands to the Plaintiff in a very aggressive manner to get out of the truck and to put his hands up.

14.   The Plaintiff then put his hands out of the truck, put his hands back in the truck, and told the Defendant that he did not do anything wrong.

15.   The Defendant then fired several shots into the Plaintiffs truck through the driver's side door. At least one bullet from the Defendant's gun struck the Plaintiff in the spine.  The Defendant was standing in the driveway of the home, next to the driver's side door of the Plaintiffs truck when the Defendant fired his gun into the Plaintiff's truck.

16.   At least two eyewitness accounts, affidavits from which are attached hereto and incorporated herein as Exhibits 1 and 2, indicate that the Plaintiff did not drive his truck at the Defendant before the Defendant fired his gun into the Plaintiff's truck.

17.   Upon being struck by the bullet from the Defendant's gun, the Plaintiff felt an instant stinging nerve pain throughout his body and recalls being unable to control his body.

18.   No longer able to control his body, the Plaintiff's truck then rolled down the decline of Thorn Berry Court, eventually rolling over onto the driver's side door and then colliding with another truck at the bottom of the street before coming to a stop.   The Plaintiff recalls that Officer Ross continued to fire his gun at the Plaintiff's truck as it moved down the street.

19.   On or about on August 1, 2016, the Plaintiff was charged with offenses related to the events described above. (See Exhibit 3) Even if the Plaintiff were convicted of the offences described in Exhibit 3, none of the charges would invalidate Kachman's claims that the degree of force used by Ross violated Kachman's Constitutional rights under *Heck v. Humphrey* (93-6188), 512 U.S. 477 (1994).

20.   At all times Officer Ross' actions were objectively unreasonable in light of the facts and circumstances confronting him and at no time did the Plaintiff pose an immediate threat to the safety of Officer Ross nor to any other officer or person.  No reasonable officer would have behaved as Officer Ross behaved, i.e. fired his weapon into a vehicle where there was no indication that the driver of the vehicle posed a risk of harm or threat to others in the vicinity.

21.   At no time was the Plaintiff actively resisting arrest, nor did the Plaintiff take any aggressive action towards Deputy Ross or make aggressive or threatening statements to Deputy Ross.

22.   The Plaintiff was not engaged in, nor had he engaged in any crime that would justify the use of deadly force by Deputy Ross.  At no time was deadly force necessary or justified.

23.   Officer Ross at no time considered less intrusive methods of affecting the arrest.  Less intrusive means of force were available other than shooting directly into the door of the Plaintiff's truck, such as calmly talking to the Plaintiff and attempting to deescalate the situation before using deadly force, or shooting at the tires of the Plaintiff's truck, rather than directly into the door of the Plaintiff's truck.  Numerous other non-deadly means were available to Officer Ross to arrest the Plaintiff other than the use of deadly force.

24.   Officer Ross intentionally and/or recklessly assaulted and battered of the Plaintiff without provocation or need by shooting him through the spine.  The Plaintiff at no time exhibited behavior that would justify the use of deadly force by Officer Ross.

25.   The conduct by Officer Ross constituted an unreasonable and excessive use of force and an unlawful exercise of police authority.

26.   As a result of the above-described acts, the Plaintiff was deprived of rights and immunities secured to him under the Constitution and the laws of the United States including, but no limited to his right under the Fourth Amendment to be free from excessive and unreasonable force at the hands of the government.

27.   As a result of being shot by Deputy Ross, the Plaintiff is at the time of the filing of this Complaint paralyzed from the waist down.  As a direct result of Deputy Ross' choice to shoot the Plaintiff the Plaintiff may spend the rest of his life requiring a wheelchair to move about.

**First Cause of Action**

(Fourth and Fourteenth Amendments, Excessive Force – 42 U.S.C. Section 1983)

28.   Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

29.   The Plaintiff pose a reasonable threat to the safety of Officer Ross or to anyone else

1    when Officer Ross shot the Plaintiff.

2        30.   The Plaintiff did not commit any offence against the law that would justify Officer

3    Ross' shooting the Plaintiff.

4        31.   The Plaintiff was unarmed and posed no reasonable threat of death or serious physical

5    injury to Officer Ross or any other person when Officer Ross shot the Plaintiff.

6        32.   The Plaintiff did not level a verbal threat or physical threat to Officer Ross before

7    Officer Ross shot the Plainitff.

8        33.   At all times Officer Ross failed to provide the Plaintiff with a warning that the use of

9    deadly force was imminent while it was entirely feasible for him to do so.

10       34.   The use of force by Officer Ross against the Plaintiff was excessive and unreasonable,

11   causing severe injury, physical pain and suffering to the Plaintiff, and damages to the Plaintiff's

12   property.

13       35.   By the actions described above, Officer Ross deprived Plaintiff of the following

14   clearly established and well-settled constitutional rights:

15           a. Freedom from the use of excessive and unreasonable force;

16           b. Freedom from the deprivation of liberty without due process of law;

17           c. Freedom from summary punishment.

18       36.   Officer Ross subjected Plaintiff to these deprivations of his rights either maliciously,

19   or by acting with a reckless disregard for whether Plaintiff's rights would be violated by Officer

20   Ross' actions.

21       37.   As a direct and proximate result of the described unlawful and malicious conduct by

22   Officer Ross, committed under color of law and under his authority as a Washoe County Deputy

23   Sheriff, suffered severe injury, severe physical pain, suffering, and emotional distress.  As a result,

24   the Plaintiff was deprived of his right to be secure in her person against violations of his rights

25   under the Fourth Amendment of the United States Constitution.

26       38.   The acts of Officer Ross were intentional, wanton, malicious and oppressive and made

27   with reckless indifference to Plaintiff's rights thus entitling Plaintiff to an award of punitive

28   damages against Officer Ross.

### Second Cause of Action

(Assault and Battery)

39.   Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

40.   Officer Ross forcibly shot the Plaintiff through the spine, causing him physical injury.

41.   Officer Ross' shooting Plaintiff was unwelcome.

42.   At all times Plaintiff was frightened of and by Officer Ross and fearful he would be shot or otherwise battered by Officer Ross.

43.   As a direct and proximate result of the above described unlawful and malicious conduct by Officer Ross, committed under color of law, Plaintiff suffered severe injury, pain and suffering, emotional distress, and property damage.

44.   The acts of Officer Ross as described above were intentional, wanton, malicious and oppressive and made with reckless indifference to Plaintiff's rights thus entitling Plaintiff to an award of punitive damages against Officer Ross.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For a declaratory and injunctive relief that the acts complained of herein are illegal and unconstitutional;

2. For actual and compensatory damages from Officer Ross, in an amount to be determined at trial;

3. For exemplary and punitive damages from Officer Ross in an amount to be determined at trial;

4. For attorney fees and costs incurred herein;

5. For nominal damages;

6. For leave to amend this Complaint as justice so requires; and

7. For such other and further relief as this Court may deem appropriate.

///

///

Respectfully submitted this Wednesday, August 3, 2016

By: _____

Luke Busby, Esq.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for Plaintiff*

## JURY TRIAL DEMAND

The Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted this Wednesday, August 3, 2016

By: _____

Luke Busby, Esq.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for Plaintiff*

Exhibit List

1. Affidavit of Amanda Ferguson

2. Affidavit of Jamie Holloway

3. August 1, 2016 Criminal Complaint